

RECEIVED
JUN 25 2021
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# UNITED STATES DISTRICT COURT
for the
District of Alaska

_____Anchorage___ Division

Patricia A. Yelder

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Deb Haaland
Secretary, Department of Interior
(National Park Service)

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. 3:21-cv-00153-JMK
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☑ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Defendant No. 3
  Name _____
  Job or Title *(if known)* _____
  Address _____
  _____
  _____ _____ _____
  *City*  *State*  *Zip Code*
  County _____
  Telephone Number _____
  E-Mail Address *(if known)* _____

  [ ] Individual capacity   [ ] Official capacity

Defendant No. 4
  Name _____
  Job or Title *(if known)* _____
  Address _____
  _____
  _____ _____ _____
  *City*  *State*  *Zip Code*
  County _____
  Telephone Number _____
  E-Mail Address *(if known)* _____

  [ ] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

  [✔] Federal officials (a *Bivens* claim)

  [ ] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Due to the building's renovation of Summer 2014, I suffered a chemical reaction and developed Dysphonia, a condition that affects the vocal chord as well as a sensitivity to Sharpie pens. I would report to work with a voice but after entering the building, my vocal chord would flip as a protection meganism and therefore, I would not be able to speak during my workday (very painful and stressful). Usually after 2 to 3 hours after leaving the building, my voice would return. Since the beginning of this conditions, I have been seen by many specialists in Alaska, Washington and California.

I suffered injuries in another incident in March of 2016, which involved a faulty door of a 7 foot revolving filing cabinet that led to a pinched nerve that involved the neck, shoulder, back and hand (damaged nerve)where surgery was recommended. To this date, I am required to sleep in a half hard cast for the arm (same for broken arm) to keep it straight while sleeping and prevent the nerve from being aggravated thru movement and during the day, I am to wear a cast molded for my hand to be used while typing to prevent applying pressure to the damaged nerve in the right hand. Surgery has not be done as of this date.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I would like the courts to review my concerns regarding the medical conditions that were developed and the abuse of power from the agency where they blatantly practice open discrimination because they knew that they were protected. I have suffered for many years while trying to function as an employee because I am my only source of income. In 2017, the agency's Associate Regional Director offered me a sum of $100,000, if I would drop all charges and resign from my current job. Needless to say, I refused such, then an EEO executive from Seattle came to Anchorage and tried to settle the case but he chose to threaten me by telling me that if I did not accept the offer that no Judge will view my complaints but would toss them out and declare they have no merit. Again intimidation was even been exercised by the EEO officials further demonstrating that harassment and discrimination could continued by covered parties. I am seeking to be made whole by requesting a settlement of $1.5 million dollars.

VI. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: *Patricia A. Yelder* 6/23/2021

Signature of Plaintiff: *Patricia A. Yelder*
Printed Name of Plaintiff: PATRICIA A. YELDER

B. **For Attorneys**

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Address _____
_____
_____ _____ _____
City  State  Zip Code
Telephone Number _____
E-mail Address _____



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Patricia Yelder a/k/a
Gala B.,[1]
Complainant,

v.

Deb Haaland,
Secretary,
Department of the Interior
(National Park Service),
Agency.

Appeal No. 2020002943

Hearing Nos. 550-2019-00483X
550-2018-00407X
550-2017-00131X
550-2017-00446X

Agency Nos. NPS-18-0559
NPS-17-0483
NPS-16-0194
NPS-16-0434

DECISION

On March 10, 2020, Complainant filed an appeal, pursuant to 29 C.F.R. § 1614.403(a), from the Agency's February 25, 2020, final order concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. For the following reasons, we AFFIRM the Agency's final order.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a Personnel Security Assistant, GS-0203-07, at the Agency's Alaska Regional Office in Anchorage, Alaska. On February 12, 2016; August 17, 2016; November 2, 2017; and September 21, 2018, Complaint filed formal complaints alleging that the Agency discriminated against her on the bases of race (African-American), sex (female), disability (physical), age (over 40), and reprisal for prior protected EEO activity under Title VII of the Civil Rights. Following several amendments, the Agency accepted the following claims for investigation.

*Agency No. NPS-16-0194, filed February 12, 2016*

Whether Complainant was discriminated against because of her physical disability (dysphonia) and subjected to reprisal when:

1. On January 25, 2016, Complainant was informed that her request for a reconsideration of her 2015 annual appraisal was rejected.

*NPS-16-0434, filed August 17, 2016*

Whether Complainant was subjected to harassment and discrimination on the bases of disability (dysphonia) and reprisal for prior protected EEO activity when:

1. On March 7, 2016, Complainant requested to use sick leave or telework, and her supervisor responded with an inappropriate comment;
2. On April 14, 2016, and June 10, 2016, Complainant's supervisor told Complainant that she [Complainant] needed to check with him for approval prior to Complainant making her medical appointments;
3. On April 15, 2016, Complainant was accused of not doing her timecard;
4. On April 18, 2016, Complainant believed there was a breakdown in communication and she was chastised by her supervisor;
5. On May 16, 2016, Complainant requested to go to an appointment, and her supervisor asked her "what kind of appointment, hair or medical?";
6. On June 1, 2016, Complainant's supervisor charged her with additional duties which went against medical advice;
7. On June 28, 2016, and July 13, 2016, Complainant's supervisor caused a delay in timesheet certification and pay;
8. On July 7, 2016, Complainant's supervisor entered Complainant's locked office when Complainant was absent, which Complainant viewed as another way her supervisor was trying to intimidate her;
9. On July 7, 2016, Complainant was refused the opportunity to see a medical specialist by the Employee Resources case manager, although she had an email from her doctor giving approval; and

8                                                            2020002943

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties.** I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Patricia Yelder
6858 Brittany Rock Way
Anchorage, AK 99504
Via U.S. Mail

John Burden, Director
Office of Equal Opportunity
Department of the Interior
Via FedSEP

March 23, 2021
Date

_____
Compliance and Control Division