IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PATRICIA YELDER,<br><br>           Plaintiff,<br><br>vs.<br><br>DEB HAALAND, Secretary of the United States Department of Interior,<br><br>           Defendant. | Case No. 3:21-cv-00153-JMK<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS** |

At Docket 30, Defendant Deb Haaland, Secretary of the United States Department of Interior, moves to dismiss Plaintiff Patricia Yelder's claims of sex discrimination under Title VII and age discrimination under the Age Discrimination in Employment Act ("ADEA"). Plaintiff responded in opposition at Docket 31. As explained below, Secretary Haaland's motion is **GRANTED** and Ms. Yelder's Title VII sex discrimination and ADEA age discrimination claims are **DISMISSED**.

## I. BACKGROUND

The factual background of this case is fully summarized in the Court's Order at Docket 13. The Court recounts the allegations in the First Amended Complaint only as

they relate to the claims at issue in the motion presented: Ms. Yelder's sex discrimination and age discrimination claims.

Ms. Yelder alleges that her employer, the National Park Service ("NPS"), discriminated against her on the basis of her race, sex, disability, and age, and that NPS retaliated against her protected activity.[1] As relevant here, Ms. Yelder alleges that she suffered sex discrimination when her supervisor grabbed her by the arm, hugged her, and rubbed her in the middle of her back.[2] She also alleges that the same individual "stalked her," appearing behind her in the hallway, following her to her office, and watching her.[3]

## II. LEGAL STANDARD

A party may move for dismissal when a plaintiff's complaint "fails to state a claim upon which relief can be granted."[4] To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, if taken as true, would state a legal claim to relief that is "plausible on its face."[5] Conclusory statements, unwarranted inferences, and "[t]hreadbare recitals of the elements of a cause of action" will not defeat dismissal; a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] In reviewing a motion to dismiss, the court construes all facts alleged in the complaint in the light most

---

[1] Docket 27 at 5.
[2] *Id.* at 8.
[3] *Id.*
[4] Fed. R. Civ. P. 12(b)(6).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted); accord *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).
[6] *Iqbal*, 556 U.S. at 678.

*Yelder v. Haaland*     Case No. 3:21-cv-00153-JMK
Order Granting Partial Motion to Dismiss     Page 2
Case 3:21-cv-00153-JMK    Document 34    Filed 01/24/24    Page 2 of 8

favorable to the plaintiff.[7]  Ultimately, dismissal for failure to state a claim is proper "if it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief."[8]

The court liberally construes the pleadings of *pro se* or self-represented litigants.[9]  Nonetheless, a self-represented litigant's complaint must comply with Federal Rule of Civil Procedure 8(a).[10]  Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"  A complaint should set out each claim for relief separately.  Each claim should identify (1) the specific harm that plaintiff is alleging has occurred to her, (2) when that harm occurred, (3) where that harm was caused, and (4) who she is alleging caused that specific harm to her.

### III. DISCUSSION

Secretary Haaland moves for partial dismissal of Ms. Yelder's First Amended Complaint.  She asserts that the complaint fails to state claims of sex discrimination under Title VII and age discrimination under the ADEA.  Secretary Haaland notes her intent to answer Ms. Yelder's other claims following this Court's order.[11]

---

[7] *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (quoting *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012)).

[8] *Laborers' Int'l Union of N. Am., Loc. 341 v. Main Bldg. Maint., Inc.*, 435 F. Supp. 3d 995, 1000 (D. Alaska 2020) (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001)).

[9] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

[10] *See Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (noting that *pro se* litigants are "expected to abide by the rules of the court in which [they] litigate[]").

[11] Docket 30 at 2.

*Yelder v. Haaland*  Case No. 3:21-cv-00153-JMK
Order Granting Partial Motion to Dismiss  Page 3
Case 3:21-cv-00153-JMK   Document 34   Filed 01/24/24   Page 3 of 8

Ms. Yelder responds in opposition and insists that she suffered age and sex discrimination.[12] She notes that she was ejected from a training class in which she was the oldest employee.[13]

**A.    The First Amended Complaint Fails to State a Claim for Sex Discrimination under Title VII**

Secretary Haaland argues that Ms. Yelder's fails to state a claim of sex discrimination because she does not allege any facts that connect an adverse action and the alleged incident of sexual harassment.[14] Furthermore, she does not allege further incidents or further details that heighten the severity of the alleged incident of sexual harassment.[15] Ms. Yelder does not directly address these arguments in her opposition.[16]

As the Court explained in its prior order, a plaintiff may assert a claim of sex discrimination under Title VII by alleging facts to support "disparate treatment" or a "hostile work environment."[17] Examining her initial complaint and supporting documents, the Court interpreted Ms. Yelder's claim as a hostile work environment claim and concluded that the single incident of harassment she described was not sufficiently severe to constitute a hostile work environment in itself.[18] Accordingly, the Court dismissed Ms. Yelder's sex discrimination claim but allowed her leave to amend to provide "specific factual allegations that support her claim that her employer's actions were motivated by

---

[12] Docket 31 at 1.
[13] *Id.*
[14] Docket 30 at 5.
[15] *Id.*
[16] Docket 31.
[17] Docket 21 at 7–10.
[18] *Id.* at 14.

discriminatory intent because of her sex and/or that she was subjected to a hostile work environment."[19]

In her First Amended Complaint, Ms. Yelder reiterates the allegation "[her] new boss grabbed [her] by the arm, hugged & rubbed [her] in the middle of the back."[20] Additionally, her First Amended Complaint alleges that she "was stalked by the same person, where he would ease up behind [her] in the hallway and trail [her] to [her] office, or standing outside the double doors and watch [her] as [she] remove[d] items from the printer."[21]

"For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[22] In evaluating whether a work environment is sufficiently hostile to be illegal discrimination, courts look at the totality of the circumstances, "including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[23]

Despite Ms. Yelder's additional allegation that her supervisor "stalked her" in the office, Ms. Yelder's First Amended Complaint does not sufficiently show a single incident severe enough to constitute a hostile work environment or pervasive hostile

---

[19] *Id.*
[20] Docket 27 at 8.
[21] *Id.*
[22] *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (internal quotation marks and citation omitted).
[23] *Id.* (quotation and citation omitted).

*Yelder v. Haaland* Case No. 3:21-cv-00153-JMK
Order Granting Partial Motion to Dismiss Page 5
Case 3:21-cv-00153-JMK   Document 34   Filed 01/24/24   Page 5 of 8

conduct. As the Court has discussed, "[w]hile unwanted hugging may certainly create a hostile work environment, the Complaint does not include facts to suggest the conduct was pervasive or, if a single event, severe enough to constitute a hostile work environment."[24] Ms. Yelder has not made any additional allegations regarding unwanted touching. Rather, she alleges different conduct that, depending on the circumstances, may create a hostile work environment.[25] However, her new allegation is too vague to allow the Court to determine whether she alleges an isolated event or repeat harassment. Without further detail regarding the severity, frequency, or nature of the alleged conduct, the Court lacks sufficient information to infer that the alleged conduct was sufficiently pervasive and severe to affect the conditions of her employment.

As such, Ms. Yelder's Title VII claim of sex discrimination is **DISMISSED**. The Court will allow Ms. Yelder an opportunity to amend her complaint with respect to her sex discrimination claim. Ms. Yelder should include detailed allegations regarding the frequency and severity of the alleged harassment as well as any other circumstances that may be relevant.

B.  **The First Amended Complaint Fails to State a Claim for Age Discrimination under the ADEA**

Secretary Haaland argues that Ms. Yelder's First Amended Complaint lacks any fact assertions related to age-based discrimination.[26] Ms. Yelder does not directly

---

[24] Docket 21 at 14 (first citing *Zetwick v. Cnty of Yolo*, 850 F.3d 436, 443 (9th Cir. 2017), then citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).
[25] *See Pardo-Pena v. Spector*, No. 2:20-CV-03562-MAA, 2023 WL 2202515, at *8 (C.D. Cal. Jan. 26, 2023) (noting that a hostile work environment could be shown by incidents including leering, staring, and tailgating the plaintiff on foot).
[26] Docket 30 at 6.

*Yelder v. Haaland*  Case No. 3:21-cv-00153-JMK
Order Granting Partial Motion to Dismiss  Page 6
Case 3:21-cv-00153-JMK   Document 34   Filed 01/24/24   Page 6 of 8

respond, but notes in her opposition that she was the oldest attendee at a training class from which she was ejected.[27]

The ADEA prohibits discrimination based on age in federal employment.[28] As the Court previously has explained, Ninth Circuit analyzes ADEA discrimination cases under the same framework as Title VII discrimination cases.[29] Ultimately, to survive a motion to dismiss, Ms. Yelder's Complaint must include facts that lead to a reasonable inference that she suffered an adverse employment action on the basis of age.[30]

Ms. Yelder's First Amended Complaint does not include any allegations that allow an inference that she suffered an adverse employment action due to her age. Rather, it contains only the conclusory assertion that she was subject to age discrimination because she is over 40 years old.[31] Furthermore, the Court may not consider new allegations offered in a party's motion.[32] However, even if the Court were to consider Ms. Yelder's allegation that she suffered discrimination on the basis of age because she was ejected from a training in which she was the oldest attendee, Ms. Yelder still would not state an ADEA claim, as she offers no factual allegations that suggest her ejection from training was in any way related to the fact that she is older than 40 years of age. Accordingly, Ms. Yelder's ADEA

---

[27] Docket 31 at 1.
[28] 29 U.S.C. § 633a.
[29] *See* Docket 17 at 19–20 (citing *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 456–57 (9th Cir. 1995)).
[30] *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 n.2 (9th Cir. 2012).
[31] Docket 27 at 8.
[32] *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

claim is **DISMISSED**. Given the lack of any factual allegations supporting an age discrimination claim in both Ms. Yelder's original and First Amended Complaints, the Court will not allow leave to amend with respect to this claim.

## IV.   CONCLUSION

For the reasons stated above, the Motion to Dismiss at Docket 30 is **GRANTED**. The Court also grants leave for Ms. Yelder to file an amended complaint that supplies further, specific allegations as to her sex discrimination claim only. If Ms. Yelder wishes to file an amended complaint, she must do so within **60 days of this order**.

**IT IS SO ORDERED** this 24th day of January, 2024, at Anchorage, Alaska.

  */s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Yelder v. Haaland*  Case No. 3:21-cv-00153-JMK
Order Granting Partial Motion to Dismiss  Page 8
Case 3:21-cv-00153-JMK   Document 34   Filed 01/24/24   Page 8 of 8